**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

|  | Criminal No. 19-123 (JRT) |
| --- | --- |

Plaintiff,

v.

JOSEPH VALERIAN PARSHALL,

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR**
**COMPASSIONATE RELEASE**

Defendant.

---

Deidre Y. Aanstad; Sarah E. Hudleston, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55414, for plaintiff.

Joseph Valerian Parshall, BOP Reg. No. 15987-041, FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640, *pro se*.

Defendant Joseph Valerian Parshall is serving a 180-month sentence after pleading guilty to attempted production of child pornography.  Parshall asks the Court to grant him compassionate release due to the COVID-19 pandemic.  Because Parshall fails to demonstrate that extraordinary and compelling reasons warrant reduction of his sentence, and because such a reduction would not be consistent with the 18 U.S.C. § 3553(a) sentencing factors and the applicable policy statements, the Court will deny Parshall's Motion for Compassionate Release.

**BACKGROUND**

On May 8, 2019, Parshall pleaded guilty to attempted production of child pornography.  (Min. Entry, May 8, 2019, Docket No. 7; Plea Agreement ¶ 1, May 8, 2019, Docket No. 8.)  He was sentenced to a 180-month term of imprisonment followed by 10 years of supervised release.  (Am. Sentencing J. at 2–3, May 16, 2019, Docket No. 12.)

In 2012, Parshall was found guilty of two counts of aggravated sexual abuse of a minor in 2011 and sentenced to a 360-month term of imprisonment.  (Case No. 11-302, Sentencing J. at 1–2, Sept. 4, 2013, Docket No. 66.)  As a part of the plea agreement in this case, the United States and Parshall agreed that the Court may vacate the 2012 conviction, dismiss the 2011 indictment, and credit time served from the sentence in that case to the sentence in this case.  (Plea Agreement ¶¶ 1, 8.)  The Court vacated the conviction and dismissed the indictment.  (Case No. 11-302, Order Granting Def.'s § 2255 Mot. at 2, May 10, 2019, Docket No. 132.)  The Court then credited his time served from the 2012 conviction to his sentence from this case.  (Am. Sentencing J. at 2.)

Parshall is currently incarcerated at the Federal Correction Institution in Fort Dix, New Jersey ("Fort Dix").  *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Oct. 13, 2021.)  With the credit for time served, he has served approximately 121 months or approximately 67% of his full 180-month sentence.  His projected release date is June 28, 2024.  *Id.*

Currently, Fort Dix has 1 reported active COVID-19 cases among inmates and 4 among staff.  *COVID-19 Coronavirus,* Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 13, 2021).  Since the beginning of the COVID-19 pandemic, 1,645 inmates and 101 staff at Fort Dix have tested positive but recovered, and 2 inmates and no staff members have died of COVID-19.  *Id*.  Across the Fort Dix facility, 258 staff members and 2,007 inmates have been fully vaccinated for COVID-19.[1]  *Id*.

Parshall is 41 years old.  He suffers from diabetes, hypertension, asthma, obesity, heart arrythmia, depression, high cholesterol, low potassium, and sciatica.  (Mot. Compassionate Release at 2–3, Feb. 10, 2021, Docket No. 19; Resp. Opp. Mot. at 3, June 28, 2021, Docket No. 28.)  Parshall tested positive for COVID-19 in December 2020.  (Mot. Compassionate Release at 3; Resp. Opp. Mot. at 3.)  Parshall has recovered but claims that he is still suffering various effects from his infection.  (Mot. Compassionate Release at 4.)  He claims that he is now quarantined in a place that makes it difficult for him to receive his medications and food because he must climb three flights of stairs that leave him fatigued and out of breath and, as a result, forgoes meals on occasion because of this. (*Id.* at 3.)

---

[1] Parshall did not indicate in his brief whether he has been vaccinated.  Although it is unclear how many of the 2,007 inmates who were vaccinated at Fort Dix are still housed there and if new inmates have already been vaccinated, with a current total inmate population of 3,067 at Fort Dix, it is likely that about two-thirds of the inmate population is fully vaccinated.  *FCI Fort Dix*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/ftd (last visited Oct. 13, 2021).

On February 10, 2021 Parshall filed this Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his underlying health issues put him at serious risk if he contracts COVID-19 again.  (*Id.* at 2.)  He argues that his conditions are considered common comorbidities for COVID-19 infection.  (*Id.*)  Parshall argues that because it is possible to be diagnosed with COVID-19 a second time and he is still recovering from his first bout with the virus, he fears for his life if he remains in prison.  (*Id.* at 4.)  Parshall's motion includes a plan for his release including residing with his mother and returning to work as a freelance artist and graphic designer.  (*Id.* at 6.)  The address where Parshall proposes residing is directly across the street from a school that is co-located with a daycare.[2]

The United States opposes Parshall's Motion arguing that (1) because he has already recovered from COVID-19 his risks are significantly lower; (2) he continues to pose a danger to public safety; and (3) the sentencing factors weigh against reducing his sentence.  (Resp. Opp. Mot. at 12–17.)  The United States also points out that his offense of attempting to create child pornography involved a family member and that his release plan would include living with children.  (*Id.* at 15–16.)

---

[2] The Court takes judicial notice of these facts under Federal Rule of Evidence 201(c)(1) by referring to *Longfellow High School*, Minneapolis Pub. Schs., https://longfellow.mpls.k12.mn.us/index.aspx (last visited Oct. 13, 2021), and *Teen Parent Services*, Minneapolis Pub. Schs., https://ece.mpls.k12.mn.us/tps (last visited Oct. 13, 2021).

**DISCUSSION**

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A).  The law now allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Parshall asserts that he has made the proper filing with the warden with no response.  (Mot. Compassionate Release at 5.) More than 30 days have passed since he has made that assertion, and the Court has not received a motion from the BOP on his behalf.  Therefore, the Court will assume that Parshall has exhausted his administrative remedies.[3]

Once the Court receives a motion from the BOP or a defendant, the Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).   The Sentencing Commission notes that

---

[3] Parshall provides no evidence to demonstrate that he made such a request.  (Mot. Compassionate Release at 5.)  While the United States points out this failure, it does not oppose the motion on these grounds.  (Resp. Opp. Mot. at 4–5.)  Still the Court will reach the merits of Parshall's motion because, regardless of administrative exhaustion, the Court will deny Parshall's motion.

extraordinary and compelling reasons may exist when a defendant is suffering from a terminal illness or a serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care.  U.S.S.G. § 1B1.13 cmt. n.1.

The Court recognizes that Parshall suffers from several medical conditions. According to the Centers for Disease Control and Prevention ("CDC"), at least three of these conditions—diabetes, hypertension, and obesity—are known to increase the risk of severe illness from COVID-19.  *People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra -precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021).

There are, however, four reasons these conditions alone do not warrant granting Parshall's motion.  First, as of now, there is no major outbreak at Fort Dix as only 1 inmate has an active case, lowering the risk to Parshall.  Second, while cases of reinfection have been reported, they are rare, further lowering the risk to Parshall.  *Reinfection with COVID-19*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/ coronavirus/2019-ncov/your-health/reinfection.html (last updated Aug 6, 2021).  Third, vaccines that are effective at reducing the risk infection and of severe illness from Covid-19 are available, still further lowering the risk to Parshall.  *Benefits of Getting a COVID-19 Vaccine*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last updated Aug. 16, 2021).  Fourth, the CDC recommends that patients suffering from conditions that increase the risk of severe

illness from COVID-19 continue to take their medications for underlying conditions, maintain social distancing precautions, wear a mask, get vaccinated, follow their health plans, and remain in contact with healthcare providers if they develop symptoms. *People with Certain Medical Conditions*, *supra*.  Similar provisions are included in BOP's COVID-19 Action Plan to minimize the risk of transmission and severe illness within its facilities. (Resp. Opp. Mot. at 5–8.)    According to the United States, BOP staff have worked to ensure Parshall is taking his medication and properly managing his medical conditions. (*Id.* at 3.)  The Court recognizes that social distancing, mask use especially by others, and access to vaccines and healthcare providers may at times be difficult for Parshall to control while in prison, but Parshall does not argue nor provide evidence that BOP is not following its COVID-19 Action Plan at Fort Dix.  If BOP is following this plan and Parshall is taking the steps he has control over, his risk is still lower.  For these four reasons, some of which Parshall can personally control, Parshall's risk of severe illness from COVID-19 is low despite his medical conditions.  As such, the Court finds that Parshall's medical conditions combined with the COVID-19 pandemic are not sufficiently extraordinary or compelling reasons to reduce Parshall's sentence.

Parshall does not argue—and nothing in his records demonstrates—that he is otherwise suffering from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care sufficient to constitute an extraordinary and compelling reason.  He asserts that he occasionally has difficulty getting

medication and forgoes meals because of where he is quarantined.  While the Court recognizes the importance of Parshall receiving all medications and meals and is concerned that he may not be receiving them, these issues can be addressed without releasing Parshall.  Therefore, the Court does not find that these issues are a sufficiently extraordinary or compelling reason to reduce Parshall's sentence.

The Court also finds that reducing Parshall's sentence would not comport with the factors set forth in 18 U.S.C. § 3553(a) and the applicable Sentencing Commission policy statement.  18 U.S.C. § 2553(a); U.S.S.G. § 1B1.13.  Although Parshall has served slightly over 10 years or about 67% of his term of imprisonment, his offense involved the exploitation of a minor family member and an attempt to create child pornography and, therefore, carries a 15-year mandatory minimum sentence.  As a result, reducing his term of imprisonment to time served would create sentence disparities and minimize the seriousness of his crime by reducing his sentence below the statutorily mandated minimum. To the Court's knowledge, Parshall has expressed no remorse and has engaged in no programming to address his crimes.  His offense involved sexual exploitation of a minor family member.  Despite this, his proposed release plan includes living with children and residing directly across the street from a school and daycare.  Granting Parshall's motion may, therefore, inadequately protect the public—especially children.  In sum, granting this motion and reducing Parshall's sentence to time served would not sufficiently reflect the seriousness of the offenses of conviction or promote respect for

the law or provide a just punishment.  Similarly, Parshall's inadequate release plan would

not afford adequate deterrence to future criminal conduct or protect the public.

Accordingly, the Court will deny Parshall's Motion for Compassionate Release.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein,

Defendant's Motion For Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [Docket

No. 19] is **DENIED**.

DATED:  October 19, 2021                              _____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                          Chief Judge
                                                               United States District Court